Appellant filed an action on November 12, 2002 requesting an order to declare the existence of a father and child relationship between appellant and A.N.L. who was born November 3, 1999. Appellant also requested an order for child support and to establish parenting time. Appellee responded by admitting a relationship between appellant and appellee which resulted in the birth of A.N.L.
 {¶ 61} At that point, in response to the first assignment of error, since it appears from subsequent proceedings that the magistrate expected the parties to submit an agreed entry as to matters other than the determination of paternity, the magistrate was obligated to determine paternity.
 {¶ 62} R.C. 3111.08(B) provides:
 {¶ 63} "If an action is brought against a person to declare the existence or nonexistence of the father and child relationship between that person and a child and the person in his answer admits the existence or nonexistence of the father and child relationship as alleged in the action, the court shallenter judgment in accordance with section 3111.13 of the RevisedCode." This should apply also when the father initiates the action and the mother admits the relationship.
 {¶ 64} R.C. 3111.13(C) permits the determination in such an action of support and any other provisions which are in the best interests of the child. However, the language used in R.C.3111.13(C) does not mandate the determination of these matters. Thus, such a determination is discretionary and, not being essential to the determination of paternity, could be the subject of a subsequent entry.
 {¶ 65} Therefore, the magistrate should have made a finding as provided in Civ.R. 54(B) that as to the determination of paternity "there [was] no just reason for delay," and either caused an entry to be submitted finding that appellant was the father, or in the absence of the submission of such an entry proceeded to place such an entry of record.
 {¶ 66} Although the majority opinion indicates that the trial court pursuant to Civ.R. 58 shall merely cause the judgment entry to be prepared, it is more reasonable to say that as provided in R.C. 3111.13 "the court shall enter judgment." Thus, upon the failure of a party to prepare the judgment entry, the trial court must do so.
 {¶ 67} It is unclear from the record why the magistrate, instead of proceeding upon the answer of appellee, approved an agreed order for genetic testing. Instead, in view of appellee's answer, such testing was unnecessary. Appellant should have been determined to be the father of A.N.L. Then, if the parties failed to agree upon the matters other than paternity, the magistrate could have determined those matters, or dismissed that portion of appellant's complaint.
 {¶ 68} It may be that appellee Lori Lindberg's desire to have appellee Chris Lindberg adopt A.N.L. influenced the juvenile court's decision to not journalize an entry establishing appellant as the father of A.N.L. before dismissing the paternity action. At the January 14, 2004 hearing on Lori's motion to dismiss the paternity action for failure to prosecute, counsel for Lori asked the court to dismiss the action so that Chris Lindberg could "step in and become the father that he has effectively been [A.N.L.'s] whole life * * *."
 {¶ 69} While a direct appeal is a possible remedy, in a case where the trial court fails to perform a duty mandated by statute, relief should be granted pursuant to the provisions of Civ.R. 60(B)(5) since there was no appeal, where as here, appellant's counsel withdrew.
 {¶ 70} Therefore, appellant's first assignment of error should be sustained.
 {¶ 71} In response to appellant's second assignment of error, upon a finding that appellant is the father of A.N.L. in his proceeding pursuant to R.C. 3111.13 to determine paternity, his failure to register as a putative father is not relevant.
 {¶ 72} Therefore, appellant's second assignment of error should be sustained.
 {¶ 73} It also follows that appellant's third assignment of error should be sustained. The majority indicates that the failure to register as a putative father is the reason appellant should not be permitted to participate in the hearing to determine if adoption is in the best interest of A.N.L. In view of the response to the first assignment indicating that appellant must be determined to be the father, this assignment of error is moot as registration as a putative father is unnecessary. Thus, appellant is a necessary party to the adoption proceedings.
 {¶ 74} Therefore, I would reverse the decision of the trial court.
Hendrickson, J., retired, of the Twelfth Appellate District, sitting by assignment of the Chief Justice, pursuant to Section6(C), Article IV of the Ohio Constitution.
 JUDGMENT ENTRY
The assignments of error properly before this court having been ruled upon, it is the order of this court that the judgment or final order appealed from be, and the same hereby is, affirmed.
It is further ordered that a mandate be sent to the Warren County Court of Common Pleas, Probate Division, and to the Warren County Court of Common Pleas, Juvenile Division, for execution upon this judgment and that a certified copy of this Judgment Entry shall constitute the mandate pursuant to App.R. 27.
Costs to be taxed in compliance with App.R. 24.